BOROUGH OF SECAUCUS, PROSECUTOR, v. LEWIS P. HUBER, AS COLLECTOR OF THE BOROUGH OF SECAUCUS, RESPONDENT.

Argued February 6, 1915—Decided July 21, 1915.

The act entitled "A supplement to an act for the assessment and collection of taxes" (*Pamph. L.* 1909, *p.* 324), sets up an arbitrary classification for the purposes of taxation and makes ownership and location the basis of a classification where the property is owned by the county, though buildings and lands used in the same manner and having the same characteristics owned by a municipality less than a county are not within the scope of the act. Such an act is in direct conflict with placitum 12 of section 7 of article 4 of the state constitution, which declares that property shall be assessed for taxes by general laws, and by uniform rules, according to its true value.

On *certiorari*.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Harlan Besson*.

For the respondent, *Lewis P. Huber, pro per*.

The opinion of the court was delivered by

KALISCH, J.   The prosecutor seeks to set aside certain assessments of taxes made and levied for the years 1909, 1910, 1911, 1912 and 1913 by the assessor of the borough of Secaucus against and on the property of the county of Hudson, situate within the limits of the taxing district of the borough.

Two reasons are assigned:   1. That the act entitled "A supplement to an act for the assessment and collection of taxes," approved April 8th, 1903 (*Pamph. L.* 1909, *p.* 324), under which the taxes were assessed, is unconstitutional, in that it contravenes placitum 12 of section 7 of article 4 of the state constitution, which declares that property shall be assessed for taxes under general laws, and by uniform rules, according to its true value.

2. Because the assessments are not properly made, in that none of the assessments shows upon its face that the buildings have not been taxed.

As to the first reason assigned.   The pertinent part of the act, the constitutionality of which is challenged, reads: "Any building or buildings, the property of any county, and the land whereon the same are situated, not exceeding fifty acres in extent in any one taxing district, shall be exempt from taxation; but all that portion of any tract of land upon which any such building or buildings are situated, or which is connected therewith, which is in excess of fifty acres in extent in any one taxing district, shall be subject to taxation by such taxing district, notwithstanding anything contained in the act to which this act is a supplement; *provided, however*, that all lands forming a part of any county park system shall remain and be exempt from taxation."

The act is plainly unconstitutional. It sets up a palpably arbitrary classification for the purposes of taxation. It makes ownership and location the basis of a classification where the property is owned by the county, though buildings and lands used in the same manner and having the same characteristics owned by a municipality less than a county are not within the operation of the act.

Such legislation is vicious and in direct conflict with the constitutional mandate relating to the taxation of property by general laws and uniform rules.

The act under review is similar in import to chapter 147 of the laws of 1906, page 273, which was denounced as unconstitutional in an opinion by the late Justice Voorhees, who spoke for our Court of Errors and Appeals, in *Essex Park Commission v. West Orange*, 77 *N. J. L.* 575, the reasoning of which opinion is peculiarly applicable to the matter herein discussed, and is controlling.

Having reached the conclusion that the act under which the assessments were made and levied is unconstitutional, we have deemed it unnecessary to consider the other questions raised and discussed in the brief of counsel for the prosecutor.

The assessments will be set aside.